```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF IOWA
                      DAVENPORT DIVISION

WALKESHEIA WARD, DARLENA      )
MCBRIDE, and TONYA GARDNER,   )
                              )    No. 3:04-cv-00159-RP-RAW
        Plaintiffs,           )
                              )    RULING ON PLAINTIFFS'
   vs.                        )    MOTION TO FILE AMENDED
                              )    COMPLAINT
VON MAUR, INC.,               )
                              )
        Defendant.            )
```

The above resisted motion is before the Court [16]. It is determined on the motion papers.  LR 7.1(c).

This is an alleged racial pattern and practice discrimination case. Plaintiff Ward sues for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the look-alike provisions of the Iowa Civil Rights Act, Iowa Code ch. 216. All plaintiffs sue for race discrimination in violation of 42 U.S.C. § 1981 and the state tort of intentional infliction of severe emotional distress. By the present motion plaintiffs seek to add six additional plaintiffs, Robert Donelson, Raquel Maiden, Charles Smith, Laronica Williams, Latoya Young, and Machelle Guy to the § 1981 and tort claims. Defendant resists on the basis of improper permissive joinder under Fed. R. Civ. P. 20(a).

When a plaintiff must obtain leave of court to amend to add additional party-plaintiffs the plaintiff "has the burden of demonstrating that the proposed restructuring of the litigation

satisfies" the requirements of Fed. R. Civ. P. 20(a). 4 Moore's Federal Practice § 20.02[2][a][ii] at 20-13, 14 (3d ed. 2004). Rule 20(a) allows the joinder of plaintiffs if they assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." The U.S. Supreme Court has said permissive joinder of claims and parties is "strongly encouraged." United Mineworkers v. Gibbs, 383 U.S. 715, 724 (1966). The rule permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Mosley has been described as "the leading case" on the joinder of Title VII plaintiffs and "pro-joinder." 4 L. Larson, Employment Discrimination § 78.05 at 78-24 - 78-25 (2d ed. 1994).

Same Transaction or Occurrence

The Mosley court held the same transaction or occurrence requirement was satisfied in a case in which each of ten plaintiffs alleged they "had been injured by the same general policy of discrimination" of an employer. Id. See Alexander v. Fulton County, Ga, 207 F.3d 1303, 1324 (11th Cir. 2000)(joinder proper where plaintiffs' claims stemmed from the "same core allegation that [plaintiffs] were subject to a systemic pattern or practice of race-based discrimination . . . .")(emphasis original). Here, all

of the plaintiffs, existing and prospective, allege that Von Maur systematically excludes African-American applicants from employment through "intentionally discriminatory hiring practices." Amended Complaint ¶ 14. Each alleges they applied for and were denied a position with Von Maur despite his or her qualifications. Von Maur argues different transactions or occurrences are involved because the various employment decisions involving the three present and six additional plaintiffs were made by different decision makers in different departments at different times between 2000 and 2004. Clearly there are differences in the individual circumstances pertaining to each plaintiff, however, each decision is alleged to have been the product of company practices intended to prevent qualified African American applicants from obtaining employment. In this respect the claims of each plaintiff are "reasonably related" to each other. The case is indistinguishable from Mosley in this regard. "A company-wide policy purportedly designed to discriminate against blacks in employment . . . arises out of the same series of transactions or occurrences." 497 F.2d at 34. See also Reinholdson v. Minnesota, 346 F.3d 847, 850-51 (8th Cir. 2003).

Common Question of Law or Fact

Mosley is also instructive on the second prong of Rule 20(a). As in Mosley "[t]he [alleged] discriminatory character of the defendant's conduct is . . . basic to each plaintiff's recovery." Mosley, 497 F.2d at 1334. Alleged systematic,

3

intentional race discrimination is the factual and legal thread that runs throughout each of the plaintiffs' claims. That some of the plaintiffs are in the process of exhausting their administrative remedies in order to join Ward's Title VII and ICRA claims and not all plaintiffs plead the same statutory basis for their race discrimination claims do not compel denial of the motion. Whether based on Title VII, § 1981 or both, the basis of each plaintiff's claim is identical -- race discrimination. Rule 20(a) does not demand congruence of claims. "[A]ny [common] question of law or fact" is sufficient. Plaintiffs "need not be interested in obtaining . . . all the relief demanded" by other plaintiffs. Fed. R. Civ. P. 20(a).

       Von Maur asserts probable delay from the accretion of Title VII and ICRA claims with respect to plaintiffs who have not yet completed the administrative process, and raises the possibility of prejudice from having to defend in a single action numerous, disparate, allegedly discriminatory employment decisions. The Court is not convinced undue delay will result from further amendment of the pleadings to allow joinder of Title VII and ICRA claims as they ripen. Again, the core claim -- race discrimination -- is the same. Nor at this incipient stage can the Court conclude there is a likelihood of prejudice though, if that later appears, or discovery reveals this case really is about separate employment decisions rather than a policy of discrimination affecting all, the

Court has the ability to order separate trials. Fed. R. Civ. P. 20(b), 42(d), or severance. Fed. R. Civ. P. 21.

Motion [16] **granted**.

IT IS SO ORDERED.

Dated this 13th day of June, 2005.

ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE